### C. L. MAJORS V. STATE OF NEBRASKA.

FILED DECEMBER 8, 1922. No. 22605.

Forgery: PROOF. In a prosecution for uttering a forged instrument knowing it to be forged, a conviction cannot be sustained without proof of the forgery.

ERROR to the district court for Lancaster county: FREDERICK E. SHEPHERD, JUDGE. *Reversed.*

*J. E. Willits,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *Jackson B. Chase, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, ALDRICH, DAY and FLANSBURG, JJ., REDICK, District Judge.

PER CURIAM.

In a prosecution by the state in the district court for Lancaster county, defendant, under the name of "Mrs. C. L. Majors," was convicted of uttering a forged check knowing it to be forged, and for that felony was sentenced to the penitentiary for a term not less than one nor more than twenty years. As plaintiff in error she presents for review the record of her conviction.

Insufficiency of the evidence to sustain the conviction

is urged as a ground for a reversal of the judgment. The alleged forged check was dated October 7, 1921, was apparently drawn by H. E. Meyer on the Bank of Roca for $20, and was payable to C. L. Majors. The state proved the following facts: A person representing himself to be H. E. Meyer had previously presented himself at the Bank of Roca, had deposited $30, and had opened an account. Defendant went to the grocery of Brehm & Son, at Twenty-seventh and Vine streets, Lincoln, on or about October 8, 1921, bought a bill of groceries amounting to less than $4, uttered the check for $20, and received the balance in change. The check was worthless and defendant swindled the confiding grocers out of at least $20. The evidence also shows that she cheated other merchants in the same manner and that she procured money under false pretenses. However, she was not charged with that offense and cannot be punished for it in this prosecution. In law there can be no legal conviction in a prosecution for uttering a forged instrument without proof of the forgery. While there is proof that defendant uttered the check, there is no proof that it was forged. For this reason, the judgment is reversed and the cause remanded for further proceedings.

REVERSED.